Sullivan v. The People.

---

# John M. Sullivan

### v.

# The People ex rel., etc.

Quo warranto—Vote of council.—Under the decision of the Supreme Court (113 Ill. 137), the action of the city council of East St. Louis in sustaining the motion to approve the bond of Launtz, who had been duly appointed to succeed appellant as city treasurer by the vote of four of its eight members with the vote of the mayor, as in case of a tie, was held to be an approval of said bond. The judgment of ouster against appellant in the quo warranto proceeding in the court below, was therefore proper.

Appeal from the Circuit Court of St. Clair county; the Hon. Wm. H. Snyder, Judge, presiding. Opinion filed April 15, 1886.

Mr. John B. Bowman, Mr. A. S. Wilderman and Mr. R. A. Halbert, for appellant.

Green, J. This *quo warranto* proceeding came up to

this court by appeal, was heard at February term, 1885, and then taken under advisement to await the decision of the Supreme Court in the case of People ex rel. v. Launtz, then pending there.

In the case at bar the information charges Sullivan with usurping and un'awfully holding the office of city treasurer of East St. Louis, on and after May 23, 1884, and at and up to the time of filing said information. In his plea to this information defendant avers his appointment as city treasurer by the city council of East St. Louis, on April 27, 1883, for one year, and until the appointment and qualifying of his successor, his own qualifying therefor, and that no successor had been appointed and qualified. To this plea was a replication denying defendant's appointment, denying the approval of his official bond, and denying that no s·.ccessor to defendant as city treasurer had been duly appointed and qualified. Upon this issue the cause was tried by the court below, a jury having been waived. The court found the issues for the people, and defendant guilty as charged, overruled defendant's motion for a new trial, and entered judgment of ouster against him from which judgment he appealed to this court.

The only question to be determined in this case is, was W P. Launtz, duly appointed and qualified on May 21 or May 29, 1884, successor to appellant as city treasurer of the city of East St. Louis? if he was duly appointed and *qualified*, as prescribed by the ordinances of said city, the finding and judgment of the court below was right. If, on the other hand, said Launtz was so duly appointed, but did not *qualify*, by having his official bond *approved by the city council* as prescribed by the city ordinance, the judgment below should be reversed. It is admitted by counsel for appellant that the record shows Launtz to have been duly appointed to succeed appellant as such city treasurer, but they insist the proof fails to establish the fact of his having duly qualified on either of the days above mentioned. The evidence is that after the appointment of Launtz (May 7, 1884,) and at the city council meeting on May 21, 1884, all the members thereof, eight in number, and the mayor of the city being present, said Launtz

submitted his official bond as such treasurer for approval; that upon the motion to approve it, on a call of the ro 1 of the members for the yeas and nays on said motion, four of the members and the mayor voted yea, the remaining four members refused to vote, and the mayor thereupon declared the motion carried; that at the council meeting on May 29, 1884, a like motion to approve said bond was made and acted upon in precisely the same manner with the same result. The official oath of said Launtz and his commission as city treasurer issued to him by the mayor, were also read in evidence. It also appears that the mayor is the presiding officer at council meetings and may give casting vote in case of a tie, but not otherwise.

Whether this action of the city council in sustaining said motion by the vote of four of its eight members, with the vote of the mayor, as in case of tie, amounts to an *approval of said bond by the city council* was the point directly in issue in the *quo warranto* proceeding against said Launtz decided by the Supreme Court, reported in No. 1, Ad. Sheets of 113 Ill. Rep., 137, and in the opinion it is said: " The rule is that whoever has a majority of those who vote, the assembly being sufficient, is elected, although a majority of the entire assembly abstain from voting." * * * " And such election is valid even though the majority of those whose presence if necessary to the assembly protest against any election at that time, or even the election of the individual." And the court further say: This admitted rule which applies in cases of election should be taken to govern in this case of approval of the bond, as being a thing pertaining to the matter of the officer's appointment. The appointment and approval of bond are both necessary to the investiture of the office—both are to be by the same body and may be looked upon as an entirety in investing one with the office, and the court under the rule thus announced and applied, decide that by the vote of the four members of the city council and the mayor, as proven in that case the same as in this, the bond of said Launtz, as city treasurer of the city of East St. Louis, was duly approved by the city council, and in the manner prescribed by the city

ordinance. This decision of the Supreme Court is direct, clear and positive, and settles affirmatively that Launtz *did qualify*, and the fact of his appointment as such city treasurer being admitted by appellant, it follows that said W. P Launtz, on May 21, 1884, was the duly appointed and *qualified* successor of appellant as city treasurer of East St. Louis ; that the material averment to the contrary in the plea of appellant is not sustained by the evidence, and the judgment of the court below is right and must be affirmed.

Judgment affirmed.